## Tonkin v. Palmer

*Charles F. Lieberman*, for plaintiff.
*John T. Stieh*, for defendant.

THOMSON, *P.J.*, April 30, 1983—Plaintiff Gregg R. Tonkin has petitioned this court to amend his complaint. This petition is opposed by defendant E. Hoyt Palmer. Defendant has raised the two-year statute of limitations contained in 42 Pa.C.S.A. §5224 as a defense to this petition.

## FACTS

The facts are apparently undisputed for the most part. Plaintiff and defendant entered into an agreement on or about August 27, 1978 wherein plaintiff would purchase from defendant approximately 11 acres of land for a purchase price of $31,000. The terms of the agreement were reduced to a writing by a receipt given by defendant to plaintiff acknowledging the terms of the agreement. Plaintiff subsequently paid defendant $6,000 toward the purchase of the said land. One thousand dollars was paid on August 27, 1978 and $5,000 was paid on April 6, 1979.

Plaintiff filed a complaint in assumpsit on April 2, 1982 alleging breach of contract on the part of defendant. Plaintiff then filed his petition to amend complaint on September 28, 1982. Plaintiff now seeks to allege that the agreement was rendered unenforceable due to defendant's failure to conform the land to the requirements of sec. 7.1 of the Pennsylvania Sewage Facilities Act of January 24, 1966, P.L. 1535, 35 P.S. §750.7. The relief sought by plaintiff in the amended complaint is the return of the $6,000 plaintiff allegedly paid to defendant. Plaintiff urges in the amended complaint that he is

entitled to the money under the theory of unjust enrichment.

## DISCUSSION

The primary issue raised by the parties concerns what statute of limitations applies to the amended complaint. Plaintiff urges that the six-year statute of limitations as set forth in 42 Pa.C.S.A. §5527 applies but alternatively claims that the four-year statute of limitations in 42 Pa.C.S.A. applies should this court reject sec. 5527. Defendant alleges that the statute of limitation of 42 Pa.C.S.A. §5524 is proper for the cause of action advanced by the amended complaint.

We hold that 42 Pa.C.S.A. §5527 is clearly inapplicable. This section states:

The following actions and proceedings must be commenced within six years: . . . (2) an action upon a contract, obligation or liability founded upon a bond, note or other instrument *in writing*, except an action subject to another limitation specified in this sub chapter . . .

Plaintiff claims that because the contract was reduced to a writing, this section applies. The problem with this argument is that the cause of action advanced by the amended complaint is not technically based on this writing. Plaintiff admits in his brief that the contract was unenforceable and now seeks to recover on the theory of unjust enrichment. Plaintiff has evidently abandoned his reliance on the writing and thus is not entitled to the six-year statute of limitations.

We do, however, agree with plaintiff's alternative

contention that 42 Pa.C.S.A. §4525 applies. This section states:

The following actions and proceedings must be commenced within four years:
(4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter.

Plaintiff's claim for unjust enrichment is within the parameters of sec. 5525(4). The plain wording of the statute dictates that we hold that the four-year statute of limitations applies to the amended complaint.

Plaintiff anticipatorily raised a subsidiary issue with regards to the four-year statute of limitations. Plaintiff argues that the statute of limitations should not be held to have begun running until April 6, 1979.

This is the day when plaintiff first made a payment to defendant and thus it is the day when a cause of action for unjust enrichment first occurred. Plaintiff has cited a variety of authority for this proposition and defendant agrees with this contention. Upon reviewing the authority cited by plaintiff, we hold that the four-year statute of limitations did not start to run until April 6, 1979.

ORDER

And now, April 30, 1983, plaintiff's petition to amend complaint is hereby granted.